IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JIMMY O'NEAL BROWN,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )          Civil Action No. 5:07-0758
                                   )
WEST VIRGINIA CRIME LAB, *et al.*, )
                                   )
        Defendants.                )

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff filed a Complaint on November 26, 2007, indicating his intention to proceed in this matter pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 1.)[2] Defendants have filed Motions to Dismiss or alternatively for Summary Judgment. (Document Nos. 17, 20 and 25.). Plaintiff has responded (Document Nos. 22, 23 and 30.), and Defendants have replied (Document Nos. 24 and 27.). For the reasons stated below, the undersigned respectfully recommends that Defendants' Motions be granted, Plaintiff's Complaint be dismissed without prejudice and this matter be removed from the District Court's docket.

## FACTUAL AND PROCEDURAL BACKGROUND

Having pled guilty in October, 1999, to aiding and abetting possession with the intent to

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Because Plaintiff alleges that persons employed in both State and Federal agencies violated his rights, his allegations that a State employee violated his rights should be considered under 42 U.S.C. § 1983 and his allegations that Federal employees violated his rights should be considered under Bivens.

distribute methamphetamine and cocaine in <u>United States v. Brown</u>, Criminal No. 5:98-0189, Plaintiff is serving a 188 month sentence of imprisonment imposed in January, 2000. (<u>United States v. Brown</u>, Criminal No. 5:98-0189, Document No. 79.) Plaintiff appealed his conviction and sentence on grounds that the District Court erred (1) in refusing to suppress drugs found during a police stop of his car and (2) in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his criminal history consisted mainly of misdemeanor offenses and considering him a career offender over-represented the seriousness of his criminal history. The Fourth Circuit dismissed Plaintiff's appeal finding that he waived his right to challenge the District Court's refusal to suppress the drugs when he pled guilty, and the District Court's determination that he should be sentenced as a career offender was not reviewable. <u>United States v. Brown</u>, 232 F.3d 890, 2000 WL 1578412 (C.A.4 (W.Va.)).

On May 14, 2001, Plaintiff filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (<u>Brown v. United States</u>, Civil Action No. 5:01-0410, Document No. 112.) Plaintiff contended, among other things, in his Section 2255 proceedings that he was entitled to withdraw his guilty plea based upon irregularities at the West Virginia State Police Forensic Laboratory. Plaintiff also asserted that error occurred in grand jury proceedings and his attorney was ineffective in representing him in failing to challenge the report of the West Virginia Police Laboratory. On July 24, 2001, United States Magistrate Judge Feinberg entered Proposed Findings and Recommendation that the District Court deny Movant's Motion. (<u>Id.</u>, Document No.117.) Magistrate Judge Feinberg proposed that "the District Court find that Defendant's guilty plea to the offense constituted an admission of the essential elements, including the identity and quantity of the controlled substances, and that the irregularities at the West Virginia

2

State Police Laboratory do not constitute a fair and just reason for withdrawal of his plea." (Id., p. 4.) Magistrate Judge Feinberg found Plaintiff's further assertions without merit. Plaintiff objected and raised further claims. After further proceedings, by Memorandum Opinion and Order filed on September 29, 2005 (Id., Document No. 186.), the District Court found in considering Plaintiff's objections that "petitioner's guilty plea to the offense constituted an admission of the essential elements, including the identity and quantity of the controlled substances. Any irregularities of the West Virginia State Police laboratory do not constitute a fair and just reason for withdrawal of petitioner's plea. Further, none of petitioner's allegations suggest that any irregularity found in the grand jury proceedings prejudiced him." (Id., pp. 6 - 7.) The District Court dismissed Plaintiff's Section 2255 action, and Plaintiff appealed. (Id., Document No. 188.) Having examined the record, the Fourth Circuit denied Plaintiff a certificate of appealability and dismissed his appeal. United States v. Brown, 184 Fed.Appx. 338 (4th Cir. 2006). Plaintiff requested review in the United States Supreme Court, and the Supreme Court denied it on October 2, 2006. Brown v. United States, __ U.S. ___, 127 S.Ct. 332, 166 L.Ed.2d 248 (2006).

As stated above, Plaintiff filed his Complaint initiating this action on November 26, 2007. (Document No. 1.) Plaintiff states that he was arrested on July 12, 1998, upon charges of possession of amphetamine. He further states that the charges that he possessed amphetamine were dropped and he was released from custody on August 11, 1998. He states that he was arrested again on January 19, 1999, and charged with possession of methamphetamine. Plaintiff claims that in May, 1999, prior to his entry of his guilty plea, the West Virginia Supreme Court of Appeals ordered the investigation of the West Virginia Forensic Crime Lab and Trooper Timothy White, an employee of the lab, for fraud and the mishandling of evidence. Plaintiff states that Trooper White tested the

3

drugs which were attributed to him in the criminal proceedings against him, and he pled guilty and was sentenced in reliance upon Trooper White's testing and report.[3] Plaintiff states that during his criminal proceedings, the Office of the United States Attorney, the United States Attorney at the time, Rebecca Betts, and Assistant United States Attorney John File did not inform him of the investigation. Plaintiff claims that he first learned about it in September, 2000, when he received a letter from United States Attorney Betts advising that the United States had arranged for the re-testing of drug related evidence by an independent laboratory. Plaintiff attached a copy of a letter dated September 15, 2000, from United States Attorney Betts to his attorney, E.L. Morgan, Jr., which states as follows (Id., Exhibit C.):

> This is to advise you that the United States has received evidence of certain irregularities in the process in which drug-related evidence has been tested and analyzed by the Drug Section of the West Virginia State Police Forensic Laboratory. An investigation of these irregularities is ongoing.

> In light of this evidence, and to assure there is no miscarriage of justice, the United States is undertaking efforts to have any drug-related evidence offered or to be offered against a defendant to be retested by a laboratory independent of the West Virginia State Police Lab.

> The defendant may of course stipulate to the drugs in the case and forego the need for such retesting. Absent such a stipulation, however, the United States will proceed with retesting.

> The United States wanted you to be apprised of this development. As soon as possible so that you can appropriately represent your client.

Plaintiff also attaches a copy of a letter dated October, 31, 2000, from Assistant United States Attorney File to his attorney which states as follows (Id.):

---

[3] Plaintiff attaches as Exhibit A to his Complaint a copy of a July, 1998, report of the West Virginia State Police Forensic Laboratory endorsed by Trooper White respecting the weighing and testing of specimens found to be marijuana, cocaine and methamphetamine attributed to him and another person.

4

> I am in receipt of your letter to Miller Bushong in our office. We intend to have the drugs retested by the DEA. If that does not suffice, I will not object to your having them retested privately under appropriate security conditions.

Plaintiff indicates that since then he has attempted unsuccessfully to obtain the results of the re-testing of the drugs attributed to him in his criminal proceedings in Court and under the Freedom of Information Act. Plaintiff attaches a copy of his FOIA letter to the FBI dated March 1, 2004, requesting that the FBI provide him its investigative report and individual reports respecting "skipping tests and ignoring procedures that resulted in inaccurate lab findings" at the West Virginia State Police Forensic Laboratory. (Id., Exhibit D.)  Plaintiff also attaches the March 11, 2004, letter of FBI Section Chief David Hardy to Plaintiff indicating that the FBI understood that Plaintiff was requesting information "pertaining to other individuals" and requiring that Plaintiff submit Privacy Waiver forms of those individuals. (Id.) Plaintiff further attaches a copy of a Motion to Compel Performance filed on October 18, 2004, in United States v. Brown, Criminal No. 5:98-0189, Document No. 170.), requesting that the District Court order the United States to retest the drugs attributed to him in those proceedings and provide him with the results. (Id., Exhibit E.) Plaintiff asserts that "[t]he West Virginia Crime Lab, during years of mishandling evidence and having other irregularities in procedure, did make it impossible to receive a fair trial as guaranteed by the 4th Amendment." Plaintiff further contends that Trooper White's and other Crime Lab employees' conduct in skipping procedures and falsifying documents "made it impossible to receive a fair trial and denied Plaintiff liberty which is in violation of the 4th and 8th Amendments." Finally, Plaintiff contends that United States Attorney Betts and Assistant United States Attorney File "did violate both the 4th and 8th Amendments by willfully withholding discovery of the problems of the Crime Lab from both the Plaintiff and the Courts, which created a miscarriage of justice, in not informing

5

the Plaintiff of this or other previous investigations of this specific Crime Lab and refusing to supply the results of the retest. This has caused undue suffering and loss of liberty along with denying due process of law." In addition to compensatory and punitive damages, Plaintiff requests that the Court (1) order Defendants to provide him with the retesting results; (2) if the drugs were not retested, order it, set aside his conviction and release him from custody pending further proceedings; and (3) order an investigation into the conduct of the Office of the United States Attorney. Plaintiff paid the Court's filing fee and Summonses were issued. (Document Nos. 2 and 3.) On December 21, 2007, Plaintiff filed a Motion to Amend his Complaint to state more specifically his claims that the West Virginia Crime Lab, Trooper White, United States Attorney Betts and Assistant United States Attorney File violated his constitutional rights. (Document No. 5.)[4]

On January 14, 2008, the West Virginia Crime Lab and Trooper White filed an Answer to Plaintiff's Complaint. (Document No. 11.) In answering, they denied generally the allegations contained in Plaintiff's Complaint, stated a number of defenses affirmatively as contemplated by Federal Rules of Civil Procedure 12(b) and 8(c) and requested dismissal of this action.[5] On January 30, 2008, Plaintiff filed a document in response to the Answer of the West Virginia Crime Lab and Trooper White. (Document No. 15.) Plaintiff asserts, among other things, that the statute of limitations was tolled until the West Virginia Supreme Court concluded its investigation into the

---

[4] Because the undersigned has considered Plaintiff's further allegations as set forth in his Motion to Amend his Complaint and he filed his Motion before Defendants filed their Answer and Motions in response, the undersigned will grant Plaintiff's Motion to Amend his Complaint by separate Order.

[5] The West Virginia Crime Lab and Trooper White raise statute of limitations and immunity defenses, among others, and do not raise exhaustion of administrative remedies as a defense. The federal Defendants have also not asserted that Plaintiff has failed to exhaust administrative remedies as a defense.

irregularities at the West Virginia State Police Forensic Laboratory and issued its decision in <u>In re Renewed Investigation of State Police Crime Laboratory, Serology Division</u>, 219 W.Va. 408, 633 S.E.2d 762 (2006).

On February 6, 2008, the Office of the United States Attorney, United States Attorney Betts and Assistant United States Attorney File filed a Motion to Dismiss and for Summary Judgment and Memorandum in Support. (Document Nos. 17 and 18.) They request that this matter be dismissed because (1) Plaintiff's service of the Complaint upon them by certified mail is insufficient; (2) they are entitled to absolute and/or qualified immunity; (3) the circumstances as Plaintiff alleges do not support a claim that they violated Plaintiff's constitutional rights as recognized in <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (4) Plaintiff's <u>Bivens</u> claim is time barred; (5) Plaintiff is collaterally estopped from contending that his constitutional rights were violated in the testing of the drugs attributed to him in his criminal proceedings and/or the non-disclosure of the retesting results; and (6) United States Attorney Betts cannot be found liable for any violation of Plaintiff's constitutional rights because she acted in a supervisory capacity. (Document No. 18.)

On February 7, 2008, the Office of the United States Attorney filed a Motion to Dismiss and/or for Summary Judgment. (Document Nos. 20 and 21.) Citing <u>FDIC v. Meyer</u>, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), the Office of the United States Attorney asserts that, falling within the United States Department of Justice, an Executive Branch agency, it is not a proper party in Plaintiff's <u>Bivens</u> action. (Document No. 21.)

On February 28, 2008, the West Virginia Crime Lab and Trooper White filed a Motion to Dismiss or for Summary Judgment (Document Nos. 25 and 26.) Viewing Plaintiff's claims against

them as falling under 42 U.S.C. § 1983, they request that this matter be dismissed because (1) absent

a finding that Plaintiff's constitutional rights were violated as a consequence of a custom or policy

of the West Virginia Crime Lab, the governmental agency is not liable under Section 1983; (2) the

circumstances alleged by Plaintiff do not establish a violation of his constitutional rights and

therefore his claims against Trooper White should be dismissed under the principle of qualified

immunity; and (3) Plaintiff claims are barred under the applicable statute of limitation. (Id.)

Plaintiff was notified of his right to respond to the Defendants' Motions under Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975)(Document Nos. 19 and 28.), and Plaintiff has filed Responses

in Opposition to Defendants' Motions (Document Nos. 22, 23 and 30.). The record contains two of

Plaintiff's Responses filed on February 25, 2008. (Document Nos. 22 and 23.) In the first, Plaintiff

states as follows (Document No. 22.):

> By Rebecca Betts and John File being officers of the Attorney's Office and the
> Agreement they made thru Plaintiff's counsel to retest the drug evidence, the United
> States Attorney's Office for the Southern District of West Virginia, has either
> withheld the material evidence from Plaintiff or breached the agreement and by
> Attorney's Office concealing exculpatory evidence is in violation of 42 U.S.C. §
> 1983. Plaintiff further contends that under West Virginia law, Attorney's Office
> along with Betts and File committed the tort of malicious prosecutions.
>
> Plaintiff further states that thru Freedom of Information Act, November 2007, West
> Virginia State Crime Lab stated DEA conducted the retest, Plaintiff would have to
> get the results thru the DEA. This said, the DEA would have provided the United
> States Attorney's Office, Rebecca Betts and John File with a copy of the retest
> results since the United States Attorney's Office along with Rebecca Betts and John
> File ordered the retest. Plaintiff's relief in the suit is for this Honorable Court not to
> Summary Dismiss this Civil Suit without compelling the U.S. Attorney's Office to
> provide the retest results to the Court and Plaintiff to inspect against the 1998 Lab
> Report by Timothy White.

In his second Response (Document No. 23.) filed on February 25, 2008, Plaintiff (1) disputes the

claims of United States Attorney Betts and Assistant United States Attorney File that they were not

properly served; (2) asserts that they are not entitled to immunity because the correspondence between them and his attorney constitute their agreement to retest the drugs attributable to him; (3)his claims are not barred by operation of the applicable statute of limitations because the investigation of the West Virginia Supreme Court of Appeals into the problems at the West Virginia State Police Forensic Laboratory continued into 2006; (4) he has stated a claim of malicious prosecution against the Defendants "for concealing highly probative exculpatory evidence and breach [of] the agreement by not giving the Plaintiff the retest results." Finally, in his March 17, 2008, Response (Document No. 30.), Plaintiff states that he "has suffered through the improperly conducted drug analysis and the insufficient testing of Sgt. Timothy White" insofar as he was initially arrested and charged with possession of amphetamine and those charges were dismissed in view of Trooper White's July 21, 1998, report respecting the drugs attributable to Plaintiff. Plaintiff also states that United States Attorney Betts and Assistant United States Attorney File indicated in correspondence that "a known miscarriage of justice" had occurred and "in an agreement through signed letters, agreed to retest evidence because of the irregularities that had been tested and analyzed by the drug section of the West Virginia State Police Laboratory." Plaintiff refers again to the 2006 ruling of the West Virginia Supreme Court of Appeals in In re Renewed Investigation of State Police Crime Laboratory, Serology Division and contends that he "could not have foreseen the ruling until 2006 on the renewal investigation when the West Virginia Supreme Court made the ruling, so the plaintiff should not be barred." Plaintiff states further that "Plaintiff's relief is a copy of the results of the retest to know if there was a miscarriage of justice . . .." He requests that the District Court "compel the defendants to reveal the retest results in the interest of justice to prevent a furtherance of a miscarriage of justice."

The Office of the United States Attorney has filed a Reply to Plaintiff's Response. (Document No. 24.) The Office of the United States Attorney states that Plaintiff's action must be dismissed against it because "[t]he plaintiff's response fails to address the absolute bar of Bivens actions against federal agencies as announced in FDIC v. Meyer, 510 U.S. 471 (1994)." United States Attorney Betts and Assistant United States Attorney File have filed a Reply to Plaintiff's Response. (Document No. 27.) They state (1) in support of their assertion that Plaintiff's Bivens claims are time barred that the newspaper article a copy of which is attached as Exhibit D to Plaintiff's February 25, 2008, Response (Document No. 22.) indicates that problems at the West Virginia State Police Forensic Laboratory were known publicly in mid-March, 2002, and the article indicates that Trooper White's reports for the period from April 1 through July 3, 2001, were subject to review and Trooper White's July, 1998, report in Plaintiff's case was not; (2) the District Court's proceedings in Plaintiff's criminal case have been reviewed and affirmed on appeal and are not a proper subject in this Bivens case; (3) Plaintiff moved for retesting of the drugs in his criminal case and the District Court denied his motion[6]; and (4) Plaintiff has failed to indicate any basis under which United States Attorney Betts can be liable as a supervisor of the other attorneys in her office.

---

[6] On October 6, 2000, while Plaintiff's appeal was pending in the Fourth Circuit Court of Appeals, Plaintiff filed a Motion for Retesting of Drug-Related Evidence (Document No. 106.) and on November 6, 2001, after he had initiated proceedings under 28 U.S.C. § 2255, he filed a Motion to Compel Judgment Upon Motion for Retest (Document No. 121.) in *United States v. Brown*, Criminal No. 5:98-0189. He filed another Motion for Retesting Drug-Related Evidence on June 14, 2004 (*Id.*, Document No. 158.). On October 18, 2004, Movant filed a Motion to Compel the retesting of the drug evidence (*Id.*, Document No. 170.) In its September 29, 2005, Memorandum Opinion and Order dismissing Plaintiff's Section 2255 proceedings (*Id.*, Document No. 202.), the District Court concluded that Plaintiff's "guilty plea to the offense constituted an admission of the essential elements, including the identity and the quantity of the controlled substances." Thus, in pleading guilty, Plaintiff waived any right he may have had to challenge the evidence against him including Trooper White's report respecting the analysis of the drugs attributed to him.

## THE STANDARD

**Motion to Dismiss Under Rule 12(b)(6).**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

**Summary Judgment.**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

The undersigned finds that Plaintiff's claims have not accrued and therefore must be dismissed without prejudice pursuant to Rule of Civil Procedure 12(b) as failing to state any claim for which relief may be granted under Bivens and Section 1983. The undersigned will also address the federal Defendants' claim of insufficient service of process as it falls under Rule 12(b)(5). It is

unnecessary to consider Plaintiff's claims or Defendants' affirmative assertions of immunity under the summary judgment standard.

### Plaintiff's Bivens and Section 1983 Claims.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See* Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *See also* Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. *See* Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See* FDIC v. Meyer, 510 U.S. 471, 475, 484 - 486, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348,

13

355 n. 7 (4th Cir. 1999).[7] Furthermore, the Fourth Circuit recognized in <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001), *cert. denied*, 537 U.S. 1045 , 123 S.Ct. 621, 154 L.Ed.2d 517 (2002), that "[i]n a Bivens suit there is no *respondeat superior* liability. <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995). Instead, liability is personal, based upon each defendant's own constitutional violations." Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." <u>Slakan v. Porter</u>, 737 F.2d 368, 372 (4th Cir. 1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). A plaintiff must show "a pervasive and unreasonable risk of harm from some specified source and that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" <u>Id.</u> at 373. Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates. <u>Id.</u>

The standard is basically the same under Section 1983. "[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." <u>Turner v. Safley</u>, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Generally speaking, to prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

A.    **Accrual and Statute of Limitations.**

First, the undersigned finds that Plaintiff's stated causes of action under <u>Bivens</u> and Section

---

[7] The Office of the United States Attorney is therefore clearly not a proper party in this case.

1983 have not accrued. Federal law prescribes when a cause of action accrues under <u>Bivens</u> and Section 1983. Generally, a claim accrues when a plaintiff knows or has reason to know of the injury which gives rise to the cause of action. *See* <u>Leavell v. Kieffer</u>, 189 F.3d 492, 495 (7th Cir. 1999). When a plaintiff seeks damages based upon an allegedly unconstitutional conviction, however, the cause of action will  be considered to have accrued only after the reversal or expungement of the conviction. *See* <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 - 87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); <u>Ruff v. Runyon</u>, 258 F.3d 498 (6th Cir. 2001)(<u>Bivens</u> actions accrued and statute of limitations began to run when drug charges against former Postal Service employees were dismissed.) The threshold question in a <u>Heck</u> analysis is whether proof of the alleged constitutional violation would necessarily imply the invalidity of a criminal conviction. *See* <u>Uboh, v. Reno</u>, 141 F.3d 1000, 1006 (11th Cir. 1998)("[A]llegations of fraud and malice with respect to wiretap and indictment would, if proven, call into doubt the validity and justification of the criminal proceedings that were pending against Uboh. In other words, a civil proceeding challenging the grounds on which the prosecution against Uboh had been commenced indirectly would implicate the question of Uboh's guilt; this type of parallel inquiry by way of a civil suit prior to resolution of a criminal action based on the same set of events is precisely the quandary that <u>Heck</u> prohibits." (Footnote omitted)). <u>Bivens</u> and Section 1983 actions are therefore not cognizable in cases in which the underlying criminal prosecutions based upon the same facts have not been invalidated. *See* <u>Messer v. Kelly</u>, 129 F.3d 1259, 1997 WL 712811 (4th Cir. (N.C.)), *citing* <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11th Cir. 1995) and  <u>Tavarez v. Reno</u>, 54 F.3d 109, 110 (2d Cir. 1995)(The rationale in <u>Heck</u> applies with equal force in Section 1983 and <u>Bivens</u> actions.). Obviously, Plaintiff's criminal conviction has not been invalidated. Rather, it has been examined and affirmed on direct appeal and

through appeal under Section 2255 in consideration of the same circumstances as alleged in this matter. His claims under <u>Bivens</u> and Section 1983 are therefore simply not cognizable. Plaintiff has not stated and cannot state a claim for which relief can be granted under <u>Bivens</u> and Section 1983, and this matter must be dismissed.

In view of the non-accrual of Plaintiff's claims, no statute of limitations can be deemed to apply. Nevertheless, assuming contrary to all legal authority that Plaintiff's claims accrued in September, 2000, when he first learned through the letter of United States Attorney Betts of the irregularities in testing at the West Virginia State Police Forensic Laboratory and that the drugs attributable to him would be retested, his claims raised in this matter initiated in November, 2007, would clearly be barred under the applicable two year statute of limitations.[8]

**B.      Service of Process upon Federal Officers.**

Further assuming that Plaintiff's causes of action have accrued though they obviously have not, it is clear that he has not properly served his Complaint upon the federal Defendants. Because <u>Bivens</u> actions are properly brought against federal officers in their individual capacities, plaintiffs in <u>Bivens</u> actions must serve the federal officers as individuals under Federal Rule of Civil Procedure 4(e). Rule 4(e)(1) requires that service upon individuals must be accomplished "pursuant to the law of the state in which the district court is located, or in which service is effected, for the

---

[8] Circuit Courts have invariably held that due to the similarity of Section 1983 and <u>Bivens</u> cases, the Supreme Court's decision in <u>Wilson v. Garcia</u>, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), that the statutes of limitations for § 1983 actions are borrowed from State law should be extended to <u>Bivens</u> cases. *See* <u>Kelly v. Serna</u>, 87 F.3d 1235, 1238 (11th Cir. 1996). The <u>Wilson</u> Court determined that the proper limitations period for a § 1983 action is the limitations period for personal injury actions in the State where the § 1983 claim arises. West Virginia applies a two-year statute of limitations to personal injury claims. *See* <u>W. Va. Code</u> § 55-2-12(b). This two-year statute of limitations would be applicable in this case if Plaintiff's claims had accrued.

service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State[.]" Rule 4(e)(2) provides that service may also be accomplished "by delivering a copy of the summons and of the complaint to the individual personally of by leaving copies thereof at the individual's dwelling or usual place of abode with some person of suitable age and discretion then residing therein . . .." West Virginia Rule of Civil Procedure 4(d) provides that service may be accomplished upon individuals as set forth in Federal Rule 4(e)(2) and by "[t]he clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee[.]"  West Virginia Rule of Civil Procedure 4(d)(1)(D). It appears from the returns of the Summonses issued in this case for the federal Defendants (Document Nos. 6, 7 and 10.) that Plaintiff sent a Summons and a copy of the Complaint to each of the federal Defendants by certified mail return receipt requested. It further appears that the mailings were received by someone in their respective offices other than the individual federal Defendants. The undersigned finds from these circumstances that Plaintiff has failed to accomplish service in strict conformity with the West Virginia Rule. He sent the Summonses and copies of the Complaint, not the Clerk, and the documents were received by persons other than the named federal Defendants. Plaintiff therefore attempted but failed to effect service of process upon the federal Defendants in this matter. If service of process were the only issue preventing this matter from going forward, it would be advisable in view of Plaintiff's *pro se* status that the District Court allow Plaintiff a period of time within which to accomplish service of process. *See* <u>Freeman v. Fallin</u>, 210 F.R.D. 255, 256 (D.D.C. 2002). The circumstances as discussed above, however, require that this matter be dismissed.

17

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **GRANT** Defendants' Motions to Dismiss or alternatively for Summary Judgment (Document Nos. 17, 20 and 25.), **DISMISS** this action without prejudice and **REMOVE** it from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

18

The Clerk of this Court is directed to file this Proposed Findings and Recommendation, mail a copy to Plaintiff, who is acting *pro se*, and deliver a copy to counsel of record.

Date: May 1, 2008.

R. Clarke VanDervort
United States Magistrate Judge

19