IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JIMMY O'NEAL BROWN,

           Plaintiff,

v.                                              CIVIL ACTION NO. 5:07-cv-00758

WEST VIRGINIA CRIME LAB, et al.,

           Defendants.

**JUDGMENT ORDER**

      By Standing Order entered on August 1, 2006, and filed in this case on November 26, 2007, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation [PF&R]. Magistrate Judge VanDervort filed his PF&R on May 1, 2008 [Docket 32]. In that filing, the magistrate judge recommended that this Court grant Defendants' Motion to Dismiss or alternatively for Summary Judgment [Dockets 17 & 25], dismiss this action, and remove it from the Court's docket.

      The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to

object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected). Here, objections to Magistrate Judge VanDervort's PF&R were due by May 22, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff filed objections to the PF&R on May 15, 2008.

In his PF&R, the magistrate judge noted that Plaintiff's Complaint purports to state claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. The magistrate judge recommends dismissing this action because Plaintiff "has not stated and cannot state a claim for which relief can be granted under *Bivens* and Section 1983[.]" [PF&R at 16.] Plaintiff does not object to this proposed finding.

Rather, in his objections, Plaintiff states that "[t]here is still the motion Docket #106 for retest to the courts my counsel put in that has not been answered or denied, so I could appeal." The Court has reviewed the docket in Plaintiff's criminal action, *United States v. Brown,* Case No. 5:98-cr-189 (S.D. W. Va.), and notes that Plaintiff's counsel filed a Motion for Retesting of Drug-Related Evidence on October 6, 2000 [Docket 106]. In that motion, Plaintiff requested that the drug-related evidence in his case be analyzed by an independent laboratory. On November 6, 2001, Plaintiff filed a motion to "compel the court to render its ruling on the submitted motion for re-testing of drug related evidence . . . [that] was submitted to the district court on October 5, 2000[.]" [Case No. 5:98-cr-189, Docket 121].

On June 1, 2004, the sentencing judge in Plaintiff's criminal case, Judge David A. Faber, found[1] that Plaintiff's "guilty plea to the offense for which he is currently serving a 188-month term of incarceration constituted an admission of the offense's essential elements, including the identity and quantity of the controlled substances[.]" [Case No. 5:09-cr-189, Docket 157.] This finding was made in Plaintiff's criminal case and in Plaintiff's *pro se* 28 U.S.C. § 2255 action, *Brown v. United States of America*, Case No. 5:01-cv-410. While Judge Faber did not specifically reference Plaintiff's motions to retest the drug evidence in his criminal case, it is clear from the finding that Plaintiff's requested relief will have no effect on his sentence. In any event, those motions are not before the Court *in this action*.[2]

Having reviewed the PF&R filed by Magistrate Judge VanDervort, the Court adopts the findings and recommendations contained therein. Accordingly, the Court hereby **GRANTS** Defendants' Motion to Dismiss or alternatively for Summary Judgment [Dockets 17 & 25]. The Clerk is directed to **REMOVE** this action from the Court's docket. The Clerk is further directed to mail a certified copy of this Judgment Order to all counsel of record, Plaintiff, *pro se*, and a copy to Magistrate Judge VanDervort.

       ENTER:  July 1, 2008

       _____
       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE

---

[1] Judge Faber's finding adopted Magistrate Judge Stanley recommended finding made in her PF&R filed on July 24, 2001.

[2] If the drugs were in fact retested, and the results have not been provided to Plaintiff, the failure to provide those results is difficult to understand.